IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs June 26, 2013

**SHERRY SULFRIDGE v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Claiborne County**
**No. 13CC1-2012-CR-1364      E. Shayne Sexton, Judge**

**No. E2012-01908-CCA-R3-PC - Filed July 29, 2013**

The petitioner, Sherry Sulfridge, appeals the summary dismissal of her petition for post-conviction relief as untimely. The petitioner pled guilty to aggravated child neglect and reckless homicide, and she is currently serving an effective eighteen-year sentence in the Department of Correction. Almost four years after the judgments were entered, the petitioner filed a pro se petition for post-conviction relief. The post-conviction court summarily dismissed the petition as untimely. Following review, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Sherry Sulfridge, Nashville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Lori Phillips-Jones, District Attorney General; and Jared Effler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History and Factual Background**

The facts underlying the petitioner's convictions, as stated by this court on direct appeal, are as follows:

On January 2, 2005, the police were called to 609 Coffey Road in new Tazwell, Tennessee. When they arrived, they found the six-year-old victim, who suffered from cerebral palsy, dead in her child seat. At the time of the victim's death, two women were babysitting the victim and her three siblings for the childrens' mother, the [petitioner]. When the police informed the [petitioner] about the victim's death, the [petitioner] gave them consent to search her home. During the search, the police found marijuana and evidence of other drug use. According to the autopsy report, the victim was dehydrated and malnourished, suffered from bed sores and lice, and had pneumonia. Blood toxicology tests revealed she was given alcohol while she was alive. The report concluded that the victim was neglected, that she died of severe dehydration as a consequence of malnutrition, and that pneumonia significantly contributed to her death.

State v. Sherry Sulfridge, No. E2006-02220-CCA-R3-CD, 2008 WL 299065, *1 (Tenn. Crim. App., at Knoxville, Feb. 4, 2008).

Based upon these actions, a Claiborne County grand jury indicted the petitioner for first degree felony murder committed during the perpetration of aggravated child neglect and aggravated child neglect. Id. at *1. On April 4, 2006, the petitioner pled guilty to the lesser offense of reckless homicide and to aggravated child neglect. Id. After hearing the evidence

presented at the sentencing hearing, the trial court determined that the appropriate sentences were nineteen years for the aggravated child neglect and three years for the reckless homicide. The court further ordered that the two sentences be served concurrently in the Department of Correction. *Id*. at *3.

The petitioner timely appealed, raising the single issue of whether her sentence for aggravated child neglect was excessive because the trial court misapplied the enhancement factor that the victim was particularly vulnerable due to age or physical or mental disability. *Id*. Although finding no merit in the petitioner's argument that the enhancement factor was misapplied, this court remanded the case for re-sentencing under the pre-2005 sentencing law or for execution of a waiver of ex post facto protections. *Id*. at *6. No record of the re-sentencing hearing is included within this record on appeal. However, in her brief, the petitioner states that, upon remand, the trial court imposed a total effective sentence of eighteen years and that the judgments were entered on August 4, 2008.

Almost four years later, on July 25, 2012, the petitioner filed a pro se petition for post-conviction relief in which she raised numerous issues. As grounds for relief, the petitioner asserted: (1) that trial counsel did not fully explain the plea agreement; (2) that the conviction was based upon a coerced confession; (3) that the State withheld favorable evidence, specifically that the victim's medical records showed that she was hospitalized continually for pneumonia; (4) trial counsel failed to appeal the judgment of the sentencing court

following remand or inform her of when she should appeal; and (5) as "other grounds" again raises the issue of misapplication the enhancement factor that the victim was particularly vulnerable. The petitioner also asserted that her Fifth, Fourteenth, and Sixth Amendment rights were violated, although she does not assert how the alleged violations occurred.

The State filed a motion to dismiss the petition for relief because it was filed outside the one-year statute of limitations and none of the statutory exceptions to the filing period were applicable to this case. Apparently, the petitioner appeared before the court at a motion to dismiss hearing. The post-convictions court, "[b]ased upon argument of the parties and the entire record as a whole," granted the State's motion and dismissed the post-conviction petition. The petitioner has timely appealed that dismissal.

**Analysis**

In her brief, the petitioner raises two issues for review on appeal: (1) that the "particularly vulnerable" enhancement factor was erroneously relied upon "to add more time to [her] sentence;" and (2) that trial counsel was ineffective for "not informing [her] about the appeals and the time limits of said appeals." As an aside, we note that, even had the petition for relief been timely filed, the issue regarding the enhancement factor would not be addressed, as it is not an issue cognizable in a petition for post-conviction relief. Moreover, the issue has been previously determined by this court on direct appeal. The petitioner would

-4-

not be granted a second review of the same issue.

While ineffective assistance of counsel is a proper claim for post-conviction relief, it will not be reviewed unless the petition for relief is timely filed. Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed within one year of "the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id*. In the event that a petitioner files a petition for post-conviction relief outside the one year statute of limitations, the trial court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2010).

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that

was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. *Id*. The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000).

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

*Id*. at 277-278 (quoting *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)). [C]ourts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising" determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). The principles of due process are flexible, requiring a balancing of the petitioner's liberty interest against the state's finality interests. *Sample v. State*, 82 S.W.3d 267, 273-74 (Tenn. 2002).

There is no dispute in this case that the petition for post-conviction relief was filed outside the applicable one-year statute of limitations. Following the remand in the case, judgments were entered in 2008, and no appeal was taken. The post-conviction petition was not filed until 2012, almost four years later. The petitioner herself acknowledges that her petition was filed outside the relevant statute of limitations period. In the petition itself, she states:

> Petitioner avers that her attorney did not notify her about the need to appeal before a certain date. Petitioner avers that she was heavily medicated and was incoherent most times. Petitioner avers she had written her attorney on several occasions and never received a response. Then, Petitioner avers, that her attorney passed away.

In her brief, the petitioner's argument with regard to why the petition should be heard is based entirely upon federal, not state case law. She contends that "when counsel fails to inform the appellant about when the next appeal is due to be filed with the court[,] it is a violation of the petitioner's right [of] access to the courts and is a denial of effective assistan[ce] of counsel."

Following our review, we conclude that the petitioner has failed to establish a reason to excuse her untimely filing of the petition. The facts of the case do not fall into one of the

three recognized statutory exceptions. Nor can we conclude that due process requires excusing the late filing because the grounds for relief raised by the petitioner were not "later-arising." Each of the grounds existed prior to the running of the statute of limitations. Her lack of knowledge of the appellate process does not excuse the untimely filing. As argued by the State, we are aware of no authority which requires trial counsel to inform a defendant of the availability of post-conviction relief. Simply stated, the record before us provides no basis for tolling the statute of limitations, and the post-conviction court properly dismissed the petition. While we recognize that the petitioner is proceeding pro se and that pro se litigants are not held to the same standard as attorneys on appeal before this court, there is simply nothing in this record to lead us to conclude that the statute of limitations should not apply in this case.

## CONCLUSION

Based upon the foregoing, the summary dismissal of the post-conviction petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE